# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JOEL S. SPIGELMAN,        )
                        )
     **Plaintiff,**        )
                        )
**v.**                     )     **Case No. CIV-13-1138-F**
                        )
**CHARLES E. SAMUELS, JR., et al.,**  )
                        )
     **Defendants.**      )

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983,[1] alleging a violation of his constitutional rights. United States District Judge Stephen P. Friot has referred the matter for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. §636(b)(1)(B) and (C). For the reasons explained below, it is recommended that the action be dismissed on filing.

## BACKGROUND

Plaintiff alleges that the actions forming the basis of his claim occurred during his incarceration at the Federal Transfer Center in Oklahoma City, Oklahoma (FTC-OKC).[2] Complaint, 2-3. Plaintiff alleges that he is an insulin dependent diabetic who had a

---

[1] Plaintiff's claims are based on the actions of federal officials. The claims are, therefore, brought pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971). The Supreme Court noted, however, that the same principles apply to civil rights actions brought pursuant to § 1983. *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009).

[2] Plaintiff has since been transferred to USP-Coleman, located in Sumterville, Florida. Complaint, 5. ECF No. 1:5.

prescription for two injections of insulin each day, and that for the twelve days he was held at FTC-OKC he only received one injection of insulin each day. Complaint, 2. He claims that "medical staff" failed to check the prescription records on file with the Federal Bureau of Prisons. Complaint, 4. He claims that he complained to the nurses, to correctional officers, and went to sick call twice. Complaint, 4. He alleges that no one would listen to his request to recheck his medical files. *Id.* He claims that he used the prisoner grievance procedure available at FTC-OKC, and that although he requested copies of his forms ("for informational purposes only"). Complaint, 5. He claims that his second dose of insulin was restarted on January 25, 2012, and that he was transferred to USP-Coleman. Complaint, 4-5. He claims that the USP-Coleman counselors refused to "address problem since inmate had no copies of paperwork." Complaint, 5.

Plaintiff names three Defendants: Charles E. Samuels, Jr., identified as the director of the Federal Bureau of Prisons; Paul Kastner, identified as the warden of FTC-OKC; and "Gooden," identified as a counselor at FTC-OKC. Complaint, 1-2. He states that he is suing all three in both their individual and official capacities. Complaint, 3.

He alleges that Defendant Samuels is legally responsible for the overall operations of the Federal Bureau of Prisons, including FTC-OKC. Complaint, 2. He alleges that Defendant Kastner is legally responsible for FTC-OKC, and for the welfare of all inmates in that prison. Complaint, 2. He alleges that Defendant Gooden, a counselor assigned to FTC-OKC, would not give Plaintiff a copy of his informal

grievance, the reply to the informal grievance, and the formal grievance to the institution. Complaint, 4.

## INITIAL SCREENING

In any action filed by a person proceeding *in forma pauperis*, 28 U.S.C. § 1915(e) obligates a court to "dismiss the case at any time if the court determines that . . . the action or appeal: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A suit "is frivolous where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). Section 1915(e) review of a complaint for failure to state a claim focuses on "plausibility in the complaint." *Carson v. Tulsa Police Dep't*, No. 07-5030, 266 Fed. Appx. 763, 765 (10th Cir. Feb. 21, 2008)[3] (quotation and alteration omitted) (applying plausibility standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007), to review the dismissal of a complaint pursuant to § 1915(e)).

In reviewing the sufficiency of the complaint, the factual allegations are broadly construed, presumed as true, and read in the light most favorable to the plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). However, the "broad reading" of pro se complaints "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a

---

[3] This and any other unpublished decision is cited in accordance with Fed.R.App.P. 32.1 and Tenth Circuit Rule 32.1.

plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

## DISCUSSION

The undersigned recommends that this action be dismissed on filing for four reasons. First, "[w]hen an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neal*, 867 F.2d 589, 590 (10th Cir. 1989) (federal employees, when sued in their official capacities, are immune from suit unless sovereign immunity has been waived) (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)); *see also Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996). However, it is well established that the United States is immune from suit unless it has consented to be sued. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *see also United States v. $30,006.25 in United States Currency*, 236 F.3d 610, 613 (10th Cir. 2000) (recognizing that a "waiver of sovereign immunity cannot be implied but must be unequivocally expressed") (citing *Mitchell*, 445 U.S. at 538). The United States has not waived its sovereign immunity for constitutional torts. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) (doctrine of sovereign immunity precludes a *Bivens* action against the United States or agencies of the United States). Accordingly, the claims for money damages against the individual Defendants in their official capacities must be dismissed because

Plaintiff may recover money damages, if at all, against Defendants in their personal capacities. Moreover, Plaintiff cannot bring an action against FTC-OKC *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity ... The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal agencies or agents acting in their official capacities.").

Moreover, the Federal Tort Claims Act (FTCA) contains the exclusive remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...." 28 U.S.C. § 2679(b)(1). An FTCA claim can only be brought against the United States. *Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009). Accordingly, Defendants Samuels, Kastner, and Gooden in their official capacities are not proper Defendants in this action.

Second, Plaintiff has failed to state a claim upon which relief can be granted against any of the three Defendants in their individual capacities. With regard to Defendants Samuels and Kastner, he only alleges that they each have supervisory duties over FTC-OKC. However, the Supreme Court has outlined pleading requirements necessary to state a claim in a civil rights action against a government official based on supervisory liability:

> Because vicarious liability is inapplicable to *Bivens* and §
> 1983 suits, a plaintiff must plead that each Government-
> official defendant, through the officials own individual
> actions, has violated the Constitution.

*Iqbal,* 556 U.S. at 663.[2] Tenth Circuit law is consistent with *Iqbal.* It has long been the

law in this circuit that § 1983 does not allow a plaintiff to hold an individual government

official liable "'under a theory of respondeat superior.'" *Dodds v. Richardson,* 614 F.3d

1185, 1194–1196 (10th Cir. 2010) (*quoting Gagan v. Norton,* 35 F.3d 1473, 1476 n. 4

(10th Cir. 1994)); *see also Poolaw v. Marcantel,* 565 F.3d 721, 732 (10th Cir. 2009) "[A]

supervisory relationship alone is insufficient for liability under § 1983."). The Tenth

Circuit has held that "[s]upervisors are only liable under § 1983 for their own culpable

involvement in the violation of a person's constitutional rights." *Serna v. Colorado Dept.*

*of Corrections,* 455 F.3d 1146, 1151 (10th Cir. 2006). "[W]hen a plaintiff sues an official

under ... § 1983 for conduct 'arising from his or her superintendent responsibilities,' the

plaintiff must plausibly plead and eventually prove not only that the official's

subordinates violated the Constitution, but that the official by virtue of his own conduct

and state of mind did so as well." *Dodds,* 614 F.3d at 1198.

Plaintiff has alleged no facts which demonstrate a plausible claim that either of

these Defendants, through his own individual conduct and with the requisite state of

mind, violated Plaintiff's constitutional rights. Plaintiff has, therefore, failed to state a

claim upon which relief may be granted as to the Defendants Samuels and Kastner, and

all claims against these defendants should be dismissed.

Third, even if Plaintiff had adequately pleaded any affirmative act on the part of Samuels or Kastner, Plaintiff has failed to allege a claim cognizable under the Eighth Amendment. In *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), the United States Supreme Court held that an inmate's complaint of inadequate medical care states a cognizable Eighth Amendment claim only if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." The Court clarified the meaning of "deliberate indifference" in *Farmer v. Brennan,* 511 U.S. 825, 827, holding that the term requires that a prison official subjectively "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."

A claim of deliberate indifference requires allegations of more than mere negligence. A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not rise to the level of a constitutional violation. *Estelle,* 429 U.S. at 106. Further, disagreements with medical staff about the type of care received do not establish deliberate indifference. *See Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980). "[O]nly the "'unnecessary *and wanton* infliction of pain'" implicates the Eighth Amendment." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993) (quoting *Wilson v. Seiter,* 501 U.S. 294, 296 (1991)).

Plaintiff complains that "medical staff" allegedly failed to check his prescription records on file with the Federal Bureau of Prisons. Complaint, 4. He further alleges that he complained to the "nurses, correctional officers, and went to sick call twice," but that

"nobody would listen...." Complaint, 4. According to Plaintiff, he had been prescribed two insulin injections per day and had received two injections per day prior to his arrival at FTC-OKC. Complaint, 2. He claims that his second insulin injection was not given from January 13, 2012 to January 24, 2012, but was restored on January 25, 2012. He does not allege whether the second dose was restored while he was at FTC-OKC, or after his transfer.

For a delay in medical treatment to be actionable as an Eighth Amendment violation, the delay "must, in itself, reflect deliberate indifference which results in substantial harm." *Fleming v. Uphoff,* No. 99-8035, 2000 WL 374295 at *3 (10th Cir. April 12, 2000) (quoting *Olson,* 9 F.3d at 1477)). The "substantial harm" or objective element of this test is satisfied by a showing that a delay in treatment resulted in "lifelong handicap, permanent loss, or considerable pain" and the "deliberate indifference" or subjective element is satisfied by facts indicating that defendant prison officials were aware of facts from which they could infer that the delay would cause a substantial risk of serious harm and did, in fact, draw that inference. *Garrett v. Stratman,* 254 F.3d 946, 949-50 (10th Cir.2001); *see, e.g., Oxendine v. Kaplan,* 241 F.3d 1272, 1278 (10th Cir. 2001) (substantial harm claim sufficient to withstand motion to dismiss for failure to state a claim where Plaintiff alleged that delay in treating severed finger caused gangrene and loss of fingertip and that treating prison physician was aware of the deterioration of the finger).

Here, Plaintiff fails to allege that he suffered any harm due to any delay in

receiving his second daily injection of insulin. *See Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999) ("Delays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems."). Plaintiff's vague and conclusory allegations do not indicate how the alleged deprivation or delay exacerbated his medical problems or resulted in a lifelong handicap or permanent loss. *Hunt,* 199 F.3d at 1224. Indeed, he alleges that his request for his grievance materials was for "informational purpose only since on Jan 25 restored second dose of insulin." Complaint, 4-5. Accordingly, it is recommended that Plaintiff's claim under the Eighth Amendment be dismissed.

Fourth, and finally, the undersigned recommends dismissal of Plaintiff's claim against Defendant Gooden. Plaintiff includes Defendant Gooden in his allegation that Defendants' "deliberate indifference to plaintiff's serious medical needs violated plaintiff's rights and constituted cruel and unusual punishment under the eighth amendment ...." Complaint 5. However, the only allegations of fact made against Gooden are that he was an employee at FCI-OKC, serving as counselor in the unit in which Plaintiff was housed. Complaint, 4. He alleges that Defendant Gooden "would not give Plaintiff Spigelman" copies of his informal grievance, the reply to his informal grievance, or his formal grievance to the institution. Complaint, 4. Plaintiff states that these "would have been for informational purpose since on Jan 25 restored second dose of insulin." Complaint, 4-5. He further alleges that USP-Coleman "refused to

address problem since inmate had no copies of paperwork." Complaint, 5. He does not indicate what problem he was seeking to address at USP-Coleman, or that his problem in getting his second dose of insulin had recurred. Plaintiff simply does not allege how Defendant Gooden's failure to give him copies of his grievances resulted in a denial of his Eighth Amendment rights, particularly in light of the fact that he has failed to allege facts that would support an Eighth Amendment claim at all.

Even if Plaintiff's claim is liberally construed to be an allegation that Gooden deliberately failed to provide copies of this paperwork to discourage him from pursuing relief, it fails. The elements of a retaliation claim are as follows:

> Government retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to *suffer an injury* that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct. When the plaintiff alleges that the defendant's action was taken in retaliation for protected speech, our standard for evaluating that chilling effect on speech is objective, rather than subjective[;] a trivial or de minimis injury will not support a retaliatory prosecution claim.

*Shero v. City of Grove* 510 F.3d 1196, 1203 (10th Cir. 2007) (citations and quotations omitted). The same test applies in the prison context. *See Gee v. Pacheco,* 627 F.3d 1178, 1191 (10th Cir. 2010).

For purposes of evaluating whether Plaintiff's allegations, so construed, have stated a claim against Defendant Gooden, the undersigned assumes without deciding

that filing grievances is constitutionally protected activity. Even so, Plaintiff has failed to allege any injury that would support a retaliation claim. Plaintiff himself states that his twice daily injection regimen was reinstituted on January 25, 2012, and that he only requested the materials for "informational purposes." Complaint, 4. He fails to identify the "problem" that USP-Coleman failed to "address," because Plaintiff had no copies of his paperwork. The undersigned finds that Defendant Gooden's failure to provide the requested copies before Plaintiff's transfer would not chill a person of ordinary firmness from continuing to seek copies or pursue other administrative relief. *See Green v. Snyder*, 525 F. Appx. 726, 729-30 (10th Cir. 2013) (considering retaliation claim in context of motion for summary judgment).

The defect in Plaintiff's official capacity claims against Defendants Samuels, Kastner, and Gooden cannot be cured through amendment. The same is true of his individual capacity claims against Defendants Samuels and Kastner. However, because there is a possibility, albeit slight, that Plaintiff may be able to cure the defect in his individual capacity claim against Defendant Gooden, it is recommended that the dismissal of Plaintiff's individual capacity claim(s) against Defendant Gooden be with leave to amend. In proposing dismissal with leave to amend, Plaintiff is hereby reminded of his obligations under Rule 11 of the Federal Rules of Civil Procedure.

## RECOMMENDATION

In light of the foregoing, it is recommended that Plaintiff's official capacity claims against Defendants Samuels, Kastner, and Gooden be dismissed. It is further

recommended that Plaintiff's individual capacity claims against Defendants Samuels and Kastner be dismissed. Finally, it is recommended that Plaintiff's individual capacity claim against Defendant Gooden be dismissed with leave to amend within twenty (20) days of any order adopting this Report and Recommendation. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **January 16, 2014**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter, **unless and until** Plaintiff amends and the matter is recommitted. **The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the United States Attorney for the Western District of Oklahoma.**

ENTERED December 30, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE