# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOEL S. SPIGELMAN, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Case No. CIV-13-1138-F |
| CHARLES E. SAMUELS, JR., et al., | ) ) ) |
| Defendants. | ) |

## **ORDER**

On December 30, 2013, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation, recommending that plaintiff's <u>Bivens</u>[1] claims against defendants, Charles E. Samuels, Jr., Paul Kastner and "Gooden," in their official capacities, and plaintiff's <u>Bivens</u> claims against defendants, Charles E. Samuels, Jr. and Paul Kastner, in their individual capacities, be dismissed. Magistrate Judge Erwin found that the defects in these claims could not be cured through amendment.

In the December 30th Report and Recommendation, Magistrate Judge Erwin also recommended that plaintiff's <u>Bivens</u> claim against defendant, "Gooden," in his individual capacity, be dismissed. However, Magistrate Judge Erwin found that there was a possibility, albeit slight, that plaintiff may be able to cure the defect in his claim against defendant, Gooden. Therefore, Magistrate Judge Erwin recommended that plaintiff's <u>Bivens</u> claim be dismissed with leave to amend within 20 days of any order adopting the Report and Recommendation.

---

[1] Although plaintiff filed his complaint under 42 U.S.C. § 1983, Magistrate Judge Erwin correctly noted that plaintiff's claims are based upon the actions of federal officials. Therefore, the claims are brought pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971).

Magistrate Judge Erwin specifically advised plaintiff of his right to file an objection to the Report and Recommendation by January 16, 2014 and that failure to timely object to the Report and Recommendation waives the right to appellate review of both factual and legal issues therein contained.

The court is in receipt of a motion by plaintiff, filed on January 21, 2014 but placed in the prison's internal mailing system on January 16, 2014, seeking an extension of 30 days to file an amended complaint under 42 U.S.C. § 1983 to incorporate the recommendation of Magistrate Judge Erwin in the Report and Recommendation.

In light of plaintiff's request, it appears that plaintiff has no objection to the Report and Recommendation issued by Magistrate Judge Erwin. With no objection being filed within the time prescribed, the court adopts the Report and Recommendation in its entirety. All of plaintiff's Bivens claims shall be dismissed as recommended by Magistrate Judge Erwin. The court, however, shall grant plaintiff leave to amend his Bivens claim against defendant, Gooden. Plaintiff shall be granted the requested 30 days to file his amended complaint against defendant, Gooden. Plaintiff has requested in his motion that the court direct the court clerk to mail to plaintiff a blank 42 U.S.C. § 1983 form complaint. The court notes that the docket sheet reflects the court clerk has already sent a blank form to plaintiff.

Accordingly, the Report and Recommendation (doc. no. 9) issued by United States Magistrate Judge Shon T. Erwin is **ADOPTED**. Plaintiff's Bivens claims against defendants, Charles E. Samuels, Jr., Paul Kastner and "Gooden," in their official capacities, are **DISMISSED WITHOUT PREJUDICE**,[2] and plaintiff's

---

[2] *See*, Kelly v. Wilson, 426 Fed. Appx. 629 (10th Cir. 2011) (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)) ("A dismissal for lack of subject matter jurisdiction must

2

Bivens claims against defendants, Charles E. Samuels, Jr. and Paul Kastner, in their individual capacities, are **DISMISSED WITH PREJUDICE**. Plaintiff's Bivens claim against defendant, Gooden, is **DISMISSED WITHOUT PREJUDICE** with leave to amend. Plaintiff's motion seeking an extension of 30 days to file an amended complaint as to defendant, Gooden, is **GRANTED**. Plaintiff shall have 30 days from the date of this order to file an amended complaint as to defendant, Gooden, to allege a plausible retaliation claim against him.

DATED January 31, 2014.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

13-1138p001.wpd

---

be without prejudice because the court, having determined that it lacks jurisdiction over the action is *incapable* of reaching a disposition on the merits of the underlying claims.")(quotations omitted and emphasis in original).