IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOEL S. SPIGELMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-13-1138-F |
| | ) | |
| CHARLES E. SAMUELS, JR., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. United States District Judge Stephen P. Friot has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Currently before the Court is Plaintiff's Motion to Amend Complaint (ECF No. 32), Defendant Kenneth Watson's Motion to Dismiss (ECF No. 39) and Plaintiff's Motion to Dismiss (ECF No. 41).

In his Motion to Dismiss (ECF No. 41), Plaintiff seeks to voluntarily "withdraw his complaint against Kenneth Watson et al, and especially Dr. Kenneth Robert Watson".

Under Rule 41(a)(1), Fed. R. Civ. P., a plaintiff may voluntarily dismiss a cause of action "by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or . . . a stipulation of dismissal signed by all parties who have appeared" in the action. Because Defendant Kenneth Watson named in this action has filed a Motion to Dismiss and Plaintiff has not filed a stipulation

of dismissal signed by Plaintiff *and* Defendant(s), Rule 41(a)(1) does not provide a basis for a unilateral dismissal of the instant action by the Plaintiff.

Fed. R. Civ. P. 41(a)(2) allows a plaintiff to request the dismissal of a cause of action, but this rule contemplates the entry of an order by the court dismissing the action only "upon such terms and conditions as the court deems proper." Because Rule 41(a)(1)(A) is not applicable, Plaintiff's motion to dismiss is construed as a motion for voluntary dismissal by order of the Court under Rule 41(a)(2). A dismissal under Rule 41(a)(2) is addressed to the "sound discretion of the court," and in reviewing such a motion the court should consider the purposes of the rule. *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).

On January 31, 2014, Judge Stephen P. Friot adopted the undersigned's Report and Recommendation (ECF No. 11) dismissing Defendants Samuels and Kastner with prejudice and Defendant Gooden without prejudice with leave to amend. On March 7, 2014 Plaintiff filed his amended complaint (ECF No. 12) naming Kenneth Watson, Gooden (FBOP Employee Counselor) and John Doe (intake medical staff). Defendants filed a Special Report (ECF No. 29) on August 8, 2014. Plaintiff filed a Motion to Amend (ECF No. 35) asking the Court to "eliminate" Defendants Gooden and John Doe. Defendant Kenneth R. Watson, D.O. has filed a Motion to Dismiss (ECF No. 39) advising the Court that the Plaintiff has served the wrong Dr. K.R. Watson and further advising that Dr. K.R. Watson does not hold, nor has he ever held, an Oklahoma medical license to practice and there is no relationship that would successfully effectuate personal

jurisdiction in this Court over Dr. K.R. Watson. On March 10, 2015, the Plaintiff filed his Motion to Dismiss (ECF No. 41), to which no response has been filed by any Defendant.

"When considering a motion to dismiss without prejudice, the important aspect is whether the opposing party will suffer prejudice in the light of the valid interests of the parties." *Clark,* 13 F.3d at 1411. (internal quotation omitted). "It is the prejudice to the opposing party, rather than the convenience of the court, that is to be considered in passing on a motion for dismissal." *Id.* (quotation and brackets omitted). Factors to be considered in this evaluation include "the opposing party's effort and expense of preparation, excessive delay and lack of diligence on the part of the movant, . . . and insufficient explanation for the need to . . . dismiss[]" the action. *Id.* (quotation and brackets omitted). "The trial court may also consider the stage of litigation." *Phillips USA, Inc. v. Allflex USA, Inc.,* 77 F.3d 354, 358 (10th Cir. 1996).

Although it appears that Defendants have expended considerable efforts in compiling documentary evidence and filing of their motions, it does not appear that Plaintiff has excessively delayed seeking to dismiss his action. Despite filing this case in October 2013, service has been problematic and as a result the litigation is still in its early stages. Plaintiff has provided a brief, but reasonable explanation of his need to dismiss the action, and it does not appear that Defendants would suffer prejudice as a result of a dismissal of the instant action without prejudice.

## RECOMMENDATION

It is therefore recommended that Plaintiff's Motion to Dismiss Civil Rights Complaint, **(ECF No. 41),** be deemed a notice of dismissal pursuant to Fed. R. Civ. P.

3

41(a)(2) and be **GRANTED;** and that this action be **DISMISSED** without prejudice to re-filing. In light of the foregoing recommendation, it is further recommended that both Plaintiff's Motion to Amend Complaint **(ECF No. 32)** and Defendant Kenneth Watson's Motion to Dismiss **(ECF No. 39)** be **DENIED** as **MOOT**.

The Plaintiff is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **April 27, 2015**. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned magistrate judge in this matter.

**ENTERED** on April 10, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE